**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| FRANK'S INTERNATIONAL, LLC | CASE NO. 4:26-CV-25 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| TCI CASING SPECIALTIES, LLC, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Frank's International, LLC ("Frank's" or "Plaintiff"), by and through its undersigned counsel, brings this action against TCI Casing Specialties, LLC ("TCI" or "Defendant") and states as follows.

**NATURE OF THE ACTION**

1.      This is a civil action for infringement of U.S. Patent No. 10,233,704 ("the '704 Patent") arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2.      Frank's International, LLC is a Texas limited liability company with its principal place of business at 1311 Broadfield Blvd., Suite 400, Houston, Texas 77084.

3.      On information and belief, TCI Casing Specialties, LLC is a Texas limited liability company with its principal place of business located at 11216 West County Rd 72, Midland, Texas 79707.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over TCI.

6. This Court has general jurisdiction over TCI because its affiliations with this District are so continuous and systematic as to render it essentially at home in the Western District of Texas. TCI's website states that their "head office" is located at 11216 West County Rd 72, Midland, Texas 79707.

7. This Court has specific jurisdiction over TCI because TCI has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the '704 Patent.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because TCI resides in this District, has committed acts of infringement in this district and has a regular and established place of business in this District.

## THE '704 PATENT

9. Frank's owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '704 Patent, entitled "Integrated Tubular Handling System." The '704 patent was duly and legally issued by the United States Patent and Trademark Office on March 19, 2019. A true and correct copy of the '704 Patent is attached as Exhibit A.

10. The '704 Patent arose from research and development into systems and methods to increase the safety and efficiency of tubular handling equipment, which is used on oil rigs to make up and lower casing and other tubulars into the wellbore. The inventions of the '704 Patent

address, among other things, significant challenges in the prior art by providing a system that reduces the need for manual manipulation of heavy machinery on the rig floor and improves the safety and efficiency of tubular running operations.

11.     The claims of the '704 Patent are directed to, among other things, tubular handling systems and a method for handling tubulars.  For example,  a tubular handling system claimed in the '704 Patent includes, among other things:

   a.  a power tong configured to engage and rotate an add-on tubular by applying a torque thereto, the power tong defining a central opening configured to receive the add-on tubular therethrough;

   b.  a spider disposed at a rig floor, the spider being configured to support a tubular string and transmit a reactionary torque to the tubular string, when supporting the tubular string, the reactionary torque being generated in reaction to the torque applied by the power tong;

   c.  a lifting assembly coupled with the power tong and configured to move the power tong vertically with respect to the tubular string and the spider, wherein the lifting assembly transmits a reactionary torque from the power tong to the spider; and

   d.  a torque measuring device configured to measure the reactionary torque transmitted from the power tong to the lifting assembly and from the lifting assembly to the spider.

'704 Patent at Cl. 1.

## DEFENDANT'S INFRINGING PRODUCT AND KNOWLEDGE OF THE PATENT

12.     TCI manufactures, markets, uses, sells, and/or offers for sale a product it calls the "Clear Floor Tubular Running System" or "CFTRS."  The CFTRS is a tubular handling system that performs the same functions as the system claimed in the '704 Patent.  The CFTRS, therefore, directly infringes the '704 Patent.

13.     TCI has had actual knowledge of the '704 Patent at least as early as March 18, 2025, when Frank's, through its prior counsel, sent TCI a detailed cease-and-desist letter

identifying the '704 Patent and putting TCI on notice that the CFTRS infringes the '704 Patent. TCI and Frank's then engaged in extensive correspondence regarding the '704 Patent throughout 2025.  Frank's provided TCI with a detailed claim chart for the '704 Patent on August 6, 2025.

**COUNT I: INFRINGEMENT OF THE '704 PATENT**

14.     Frank's realleges and incorporates by reference each of the paragraphs above as if fully set forth herein.

15.     Frank's is the owner of the '704 Patent, which issued on March 19, 2019, and is attached hereto as Exhibit A.

16.     TCI has infringed and continues to infringe one or more claims of the '704 Patent, including at least claims 1, 6, 7, and 8 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the CFTRS, or components thereof, within the United States.  Attached as Exhibit B is a claim chart showing an example of how TCI's CFTRS satisfies all claim limitations of claims 1, 6, 7, and 8 of the '704 Patent.

17.     Although the preamble of claim 1 is non-limiting, the CFTRS is a tubular handling system, as shown in Exhibit B.

18.     The CFTRS satisfies claim limitation 1(a), as shown in Exhibit B.

19.     The CFTRS satisfies claim limitation 1(b), as shown in Exhibit B.

20.     The CFTRS satisfies claim limitation 1(c), as shown in Exhibit B.

21.     The CFTRS satisfies claim limitation 1(d), as shown in Exhibit B.

22.     The CFTRS satisfies the limitations of claim 6, as shown in Exhibit B.

23.     The CFTRS satisfies the limitations of claim 7, as shown in Exhibit B.

24.     The CFTRS satisfies the limitations of claim 8, as shown in Exhibit B.

25.     TCI has directly infringed, and continues to infringe, literally and under the doctrine of equivalents, one or more claims of the '704 Patent through making, using, selling, offering for sale, and/or importing the CFTRS.  By making, using, offering for sale, selling and/or importing into the United States the CFTRS, TCI has injured Plaintiff and is liable for infringement of the '704 Patent pursuant to 35 U.S.C. § 271.

26.     As described above, TCI obtained knowledge of the '704 Patent and received notice that the CFTRS infringes the '704 Patent at least as early as March 18, 2025.  TCI has not ceased its infringing activities.  TCI's infringement of the '704 Patent has been and continues to be willful and deliberate.  TCI also has knowledge of the '704 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

27.     The infringement allegations provided for claims 1, 6, 7, and 8 of the '704 Patent are exemplary and Plaintiff reserves its right to assert additional claims of the '704 Patent.

28.     As a result of TCI's direct infringement of the '704 Patent, Frank's is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for TCI's infringement, together with interests and costs.

29.     In addition, TCI's continued infringement of the '704 Patent has caused and will continue to cause irreparable harm to Frank's, for which there is no adequate remedy at law, unless TCI is enjoined from infringing the '704 Patent.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter:

(a) A judgment that TCI has infringed the '704 Patent;

(b) A judgment and order requiring TCI to pay Plaintiff all appropriate damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for TCI's willful infringement of the '704 Patent;

(c) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorney fees;

(d) A judgment increasing Plaintiff's damages up to three times the amount assessed under 35 U.S.C. § 284;

(e) A permanent injunction enjoining TCI, together with its officers, agents, employees, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and those persons in active concert or participation with TCI, from directly and/or indirectly infringing the '704 Patent; and

(f) Any and all other relief as the Court may deem appropriate, just, and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  March 26, 2026

Respectfully submitted,

**BRACEWELL LLP**

*/s/ Jonathon K. Hance*
Jonathon K. Hance
State Bar No. 24065364
jonathon.hance@bracewell.com
Michael Chibib
State Bar No. 00793497
michael.chibib@bracewell.com
Madeline F. Fogel
State Bar No. 24120826
madeline.fogel@bracewell.com

711 Louisiana Street, Ste 2300
Houston, Texas 77002
713-223-2300 (Telephone)
800-404-3970 (Facsimile)

**ATTORNEYS FOR FRANK'S INTERNATIONAL, LLC**